CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ERRORS

OF THE

# STATE OF CONNECTICUT.

---

### DANIEL DOWNING vs. JEREMIAH SULLIVAN.

First Judicial District, Hartford, January Term, 1894. ANDREWS, C. J.,
CARPENTER, TORRANCE, FENN and BALDWIN, Js.

- A creditor having an unsatisfied judgment against the defendant, amounting to $397, caused the same to be levied on the debtor's equity of redemption in a farm, his interest in which was valued by the appraisers at $220. The officer's return on the execution recited that he set off to the plaintiff "such part or proportion of the said equity of redemption" in the premises "as 397 bears to 220." *Held*, that the levy of execution was sufficient to vest the equity of redemption in the plaintiff, and that the officer's return, while irregular in form, was good in substance, and admissible to prove the plaintiff's title in an action of ejectment against the defendant.

In this State the mortgagor is for all purposes, except that of security to the mortgagee, regarded as the owner of the land; and one who has acquired the mortgagor's title can maintain ejectment against him. Under such circumstances the mortgagor cannot interpose the mortgagee's outstanding, naked, legal title as a defense.

Upon the trial the defendant offered to show an oral agreement between himself and the mortgagee, at the time the mortgage was given, that he, the defendant, should have the possession of the mortgaged premises until the mortgagee should demand possession. *Held*, that whatever force such agreement might have as between the immediate parties to it, the plaintiff, a stranger, could not be affected by it.

The plaintiff was under no obligation to notify the defendant prior to this action. The set-off of the land on execution was a sufficient notice to the debtor that his title had ceased.

[Argued January 3d—decided February 8th, 1894.]

ACTION to recover the possession of certain real estate together with the rents and profits thereof; brought to the Superior Court in Windham County and tried to the court, *Ralph Wheeler, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*William H. Shields,* for the appellant (defendant).

*Charles F. Thayer,* for the appellee (plaintiff).

CARPENTER, J. Action of ejectment by the assignee o a mortgage, who had also become the owner of the equity of redemption, against the mortgagor.

The case was tried to the court. On the trial, the plaintiff, to prove his title, introduced an execution issued on a judgment in his favor against the defendant, and the officer's return thereon, which execution was levied on the equity of redemption, and the equity set off to the plaintiff, in part satisfaction of his judgment. He also introduced an assignment by the mortgagee to himself of the mortgage note and the mortgage, he having paid the mortgage debt. The levy of the execution was admitted against the defendant's objection. Judgment was rendered for the plaintiff and the defendant appealed.

The first error assigned is that the court erred "in admitting in evidence, against the defendant's objection, the execution and the officer's return thereon." The judgment debt, costs and charges amounted to $397.88, and the equity of redemption was appraised at $220.

The officer says in his return: "Whereupon I set off to said creditor such part or proportion of the said equity of redemption of said debtor's right and interest in said described premises as three hundred and ninety-seven dollars and eighty-eight cents bears to two hundred and twenty dollars, the amount of his whole interest therein as valued by the appraisers in part satisfaction of this execution and of

all charges and costs thereon." The defendant now contends that the levy was inoperative to vest the equity of redemption in the plaintiff, inasmuch as the officer in terms set off a proportional part of the equity instead of setting off the whole, as he might have done, stating the balance remaining due on the execution.

We agree that that would have been a simpler, and perhaps a better way to have stated it; but the course taken amounts to the same thing. The greater includes the less. Such a proportion as $397.88 bears to $220 includes the whole equity of redemption, and leaves a balance due of $177.88, on the execution. There is no difficulty in understanding just what the officer did, and just what he intended to do. While it is irregular in form it is good in substance

The second reason of appeal is that the court erred " in holding that said execution and the officer's doings thereunder vested a title to said real estate in the plaintiff, and in not holding said levy of execution to be invalid." For all purposes except for security of the mortgagee, the mortgagor is regarded as the owner of the land, and may maintain ejectment against persons other than the mortgagee. 2 Swift's Digest, top pages 188, 189, and cases cited. That being so, the plaintiff, having acquired the title of the mortgagor, may maintain ejectment against the mortgagor. The defendant in his brief, and also in his oral argument, claimed that the plaintiff did not secure the legal title to the land by the assignment of the note and mortgage to him. But that is not the question we have to decide. The question is whether the plaintiff, having possessed himself of the legal title may maintain ejectment against the mortgagor? Or may the mortgagor interpose the mortgagee's naked legal title as a defense? We think he cannot.

The fourth reason of appeal is that the court erred " in excluding the evidence offered by the defendant to show an agreement made by the officers of the Jewett City Savings Bank "—the mortgagee—" with the defendant at the time said mortgage was given * * * that the defendant should have the possession of the mortgaged property until the bank

should demand of him the possession of the same." Whatever force a parol agreement of that kind may have as between the immediate parties to it, it is quite clear, in this case, that it cannot affect the plaintiff, who is a stranger to it. Besides, the plaintiff brings his action as the owner of the mortgagor's title. This last suggestion is a sufficient answer to the claim that the defendant was entitled to notice before bringing this suit. The set-off of land on an execution to the creditor is a sufficient notice to the debtor that his title has ceased.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.